MEMORANDUM **
Appellant Maleek James appeals the district court’s order denying his petition for habeas corpus relief under 28 U.S.C. § 2255. James’s habeas petition raised three separate ineffective assistance of counsel claims, two of them certified and one of them uncertified for appeal. We affirm.
We agree with the district court’s determinations regarding James’s first certified claim of ineffective assistance of counsel. James’s counsel was constitutionally deficient in failing to object to the prosecutor’s improper voir dire. We do not reach the question of whether James’s failure to prevail on his voir dire claim under the plain error standard on direct appeal necessarily forecloses his ineffective assistance of counsel claim on collateral review, for we hold that James nonetheless failed to show a reasonable probability of a different outcome had his counsel made a sufficient objection. See Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The prosecution’s improper voir dire was brief, and the government had a strong case given James’s inconsistent statements to law enforcement, the testimony of his coconspirators, and the incriminating statements he made *690 during a recorded telephone call with a coconspirator.
James’s second certified ineffective assistance of counsel claim also fails. James’s counsel may have provided incomplete advice regarding the scope of Federal Rule of Evidence 609 and the government’s ability to impeach him with a conviction that was over ten years old. His counsel’s advice, however, was substantially correct in light of the facts of this case. If James had testified that he was a law abiding citizen who had “never been in trouble as an adult,” the government would have been able to impeach him with his Canadian conviction despite its age. Cf. United States v. Bensimon, 172 F.3d 1121, 1126 (9th Cir.1999) (holding that the district court erred in permitting an old conviction to impeach a defendant when the defendant did not “portray[] himself to be a ‘law-abiding’ citizen”). To .the extent more accurate advice from defense counsel would have caused James to avoid this particular testimony, James was not prejudiced. The government submitted strong evidence substantially contradicting the testimony James would have offered had he taken the stand.
Finally, James’s uncertified claim likewise fails. We find that his counsel was not constitutionally deficient for failing to move for the suppression of the recorded telephone call because the recording did not violate the Fourth Amendment. See Baumann v. United States, 692 F.2d 565, 572 (9th Cir.1982) (“The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel.”). James did not have a reasonable expectation of privacy in the phone call because he knew the call was being placed from a prison and the other participant on the phone call told him not to say anything over the phone. See Smith v. Maryland, 442 U.S. 735, 740, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979); United States v. Shryock, 342 F.3d 948, 978 (9th Cir.2003); United States v. Van Poyck, 77 F.3d 285, 291 (9th Cir.1996). The recording of the phone call itself was lawful because the other party to the call consented. 18 U.S.C. § 2511(2)(c); Shryock, 342 F.3d at 977-78.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.